IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CX REINSURANCE CO., LTD., ) | |
| f/k/a CNA REINSURANCE CO., ) | |
| LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 03-J-2500-NE |
| vs. ) | |
| ) | |
| RICHARD N. BROWN, et al., ) | **ENTERED** |
| ) | |
| Defendants. ) | JAN - 7 2004 |

## MEMORANDUM OPINION

Pending before the court are two motions for summary judgment: plaintiff CX Reinsurance Company's ("plaintiff") motion (doc. 16) and defendants Steve and Autumn Lawrence d/b/a Steve Lawrence Construction's ("Lawrence Construction") motion (doc. 18). The court has reviewed the motions and the parties' other submissions. Based upon this review, the court is of the opinion that plaintiff's motion is due to be granted and that Lawrence Construction's motion is due to be denied.

1

## I. Background

On or about July 1, 2000, defendant Richard Brown ("Brown") hired defendant Lawrence Construction to clear a piece of real property owned by Brown and located at 6594 Wall-Triana Highway in Madison County, Alabama, and to prepare a dirt pad upon which Brown could build a commercial building. Lawrence Aff., Ex. B. to Lawrence Construction's Motion. This work was completed on or about July 19, 2000. Shortly after completion of the building, the slab underneath it cracked and shifted. Brown then sued Lawrence Construction alleging that the building pad was not properly constructed by Lawrence Construction which resulted in structural failures in the concrete floor and the building. Ex. 1 to Plaintiff's Motion. This suit is styled *Brown v. Steve Lawrence d/b/a Steve Lawrence Construction Co., et al.*, CV-02-635-JPS and is currently pending in the Circuit Court of Madison County, Alabama.

One of the plaintiff's experts, John B. Cox, opines that the building settled because it was built on fill material. Cox Depo., Ex. 3 to Plaintiff's Motion. Another expert retained by the plaintiff, Bill Payne, opines that the building settled because "the supporting material was not of sufficient strength to support the applied loads." Payne Depo., Ex. 4 to Plaintiff's Depo. Lawrence Construction has submitted the affidavit of its expert, Charles W. Crane, who opines that the settlement was caused

by a combination of the following conditions: (1)removal of the fill from the toe of the backfill; (2) the lack of gutters on the building; and (3) surface water runoff onto the backfill. Crane Aff., Ex. A to Lawrence Construction's Motion.

Plaintiff filed this action seeking a declaratory judgment that there is no coverage for the settlement of the dirt pad under Lawrence Construction's insurance policy with the plaintiff.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III. Legal Analysis

The subject insurance policy is a commercial general liability policy and includes the following endorsement:

> This insurance does not apply to and no duty to defend is provided by us for "property damage" included within the "Products/Completed Operations Hazard" when caused by, resulting from, contributed to or

aggravated by the subsidence of land.

Subsidence shall mean earth movement, including but not limited to landslide, mudflow, earth sinking, earth rising or shifting.

Policy, Exclusion - Subsidence of Land, Ex. 5 to Plaintiff's Motion. The plaintiff asserts that this endorsement regarding subsidence results in exclusion of the settlement of the dirt pad from coverage. The court agrees.[1]

No party disputes that movement of the earth caused, resulted in, contributed to, or aggravated the subject property damage. Moreover, no party disputes that the subject damage occurred after Lawrence Construction's work was completed at the site. Thus, the subsidence of land endorsement expressly excludes coverage here.

Under the undisputed facts, plaintiff is entitled to judgment as a matter of law that any settlement of the dirt pad is not covered under Lawrence Construction's insurance policy. Accordingly, plaintiff's motion for summary judgment is due to be granted and Lawrence Construction's motion for summary judgment is due to be denied.

---

[1] Lawrence Construction asserts that the subsidence endorsement does not apply because it contradicts the excavation endorsement. Such endorsement is titled "Excavation Coverage" and states that "It is understood and agreed that explosion, collapse and underground property damage hazard are hereby included." Policy, Ex. 5 to Plaintiff's Motion. Lawrence Construction argues that the terms "collapse and underground property damage hazard" encompass the subject property damage and, thus, any resulting liability is expressly covered. The court disagrees. The endorsement providing excavation coverage is not applicable because no evidence has been presented to indicate that the property damage resulted from excavation operations.

## IV. Conclusion

Based upon the foregoing, plaintiff's motion for summary judgment (doc. 16) is **GRANTED** and Lawrence Construction's motion for summary judgment (doc. 18) is **DENIED**. Judgment shall be entered in favor of plaintiff by separate order.

**DONE** and **ORDERED** this the __7__ day of January, 2004.

                                                                    _____
                                                                    Inge P. Johnson
                                                                    U.S. District Judge